McGovern Legal Services, LLC
Marlena S. Diaz-Cobo, Esq. - 039022010
850 Carolier Lane
North Brunswick, NJ 08902
Phone (732) 246-1221
Fax (732) 246-1872
ATTORNEYS FOR SIXTY ACRE RESERVE CONDOMINIUM ASSOCIATION, INC.

|  |  |
|---|---|
| In re:<br><br>ANDREA LEE MERCER<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>IN PROCEEDINGS UNDER CHAPTER 13<br>OF THE BANKRUPTCY CODE<br><br>CASE NO.: **18-30940-CMG**<br><br>NOTICE OF MOTION FOR STAY RELIEF<br><br>HEARING DATE: June 5, 2019<br>HEARING TIME: 9:00AM<br><br>ORAL ARGUMENT WAIVED UNLESS OPPOSITION IS FILED |

TO:     THOSE LISTED ON ANNEXED SERVICE LIST

**PLEASE TAKE NOTICE** that on the 5th day of June 2019 at 9:00 AM or as soon thereafter as counsel may be heard, the undersigned attorneys for Creditor, Sixty Acre Reserve Condominium Association, Inc., (the "Association"), by and through its counsel, McGovern Legal Services, LLC, will move before the Honorable Christine M. Gravelle, U.S.B.J. at the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Trenton, NJ 08608, Courtroom 3 for an Order:

Terminating the automatic stay with respect to the Association so that the Association may, among other things, pursue its rights with respect to the Debtor's real property to the extent and in the manner provided by any applicable Association Governing Documents, contract

1

documents and non-bankruptcy law despite the pendency of this proceeding.

**Property:**   Debtor's Real Property including, but not limited to:

710 Bluebell Drive
Jackson, New Jersey 08527

This motion is based upon the annexed brief, certifications and exhibits thereto, oral argument of counsel (if opposed), testimony and such other evidence as may be adduced at the time of the hearing (if opposed).

Oral argument is waived unless opposition is timely filed.

A Proposed form of Order is submitted herewith.

McGOVERN LEGAL SERVICES, LLC,
Attorneys for Movant

Dated: _____ 5/16/19         By: _____
                                 MARLENA S. DIAZ-COBO, ESQ.
                                 An Attorney of the Firm

2

# CERTIFICATION OF SERVICE

I, Marlena S. Diaz-Cobo, do certify that a true copy of the Motion for Stay Relief was served upon those individuals and/or entities listed on the attached service list via electronic service on the dates listed below.

Dated: 5/16/19                BY: _____
                              MARLENA S. DIAZ-COBO, ESQ.

## SERVICE LIST

**Via Electronic Service on**

CLERK, UNITED STATES BANKRUPTCY COURT
402 East State Street
Trenton, NJ 08608

DEBTOR
Andrea Mercer
720 Bluebell Drive
Jackson, New Jersey 08527

DEBTOR'S ATTORNEY
William H. Oliver, Jr.
2240 Route 33
Suite 112
Neptune, New Jersey 07753

TRUSTEE
Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853

U.S. TRUSTEE
US Dept of Justice
Office of the US Trustee
One Newark Center Ste 1401
Newark, NJ 07102

3

McGovern Legal Services, LLC
Marlena S. Diaz-Cobo, Esquire (MM-4524)
850 Carolier Lane
North Brunswick, NJ 08902
Phone (732) 246-1221
Fax (732) 246-1872
ATTORNEYS FOR SIXTY ACRE RESERVE CONDOMINIUM ASSOCIATION, INC.

| | |
|---|---|
| In re:<br><br>ANDREA LEE MERCER<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>IN PROCEEDINGS UNDER CHAPTER 13<br>OF THE BANKRUPTCY CODE<br><br>CASE NO.: **18-30940-CMG**<br><br>**BRIEF IN SUPPORT OF MOTION FOR STAY RELIEF**<br><br>HEARING DATE: June 5, 2019<br>HEARING TIME: 9:00 A.M.<br><br>**ORAL ARGUMENT WAIVED UNLESS OPPOSITION IS FILED** |

## STATEMENT OF FACTS

McGovern Legal Services, LLC represents Sixty Acre Reserve Condominium Association, Inc. (the "Association") in the above-captioned matter. Andrea Lee Mercer (the "Debtor") owns real property within the Association commonly known as 710 Bluebell Drive, Jackson, NJ 08527 (the "Unit"). Since filing her Chapter 13 Bankruptcy Petition, the Debtor has failed to pay all of her required monthly assessments and fees. The Debtor owes the Association $1,816.50 in post-petition arrearages in monthly maintenance assessments, special assessments, late fees, fines and attorney's fees and costs related to this default through April 11, 2019.

1

## STATEMENT OF RELIEF REQUESTED

The Association requests that this Court grant the Association relief from the automatic stay.

## LEGAL ARGUMENT

### I. The Association's Motion For Stay Relief Should Be Granted Because Debtor Has Failed To Remit Post-Petition Payments To The Association.

The debt owed to the Association is so unique and important that in many cases, it is deemed non-dischargeable. See, 11 U.S.C.A. § 523(a)(16). The Association is a non-profit corporation that operates the common property. Its only source of income is payment by each homeowner of their proportionate share of the Association's expenses. If a homeowner does not pay, either the Association does not have the funds necessary to maintain the common property or the other homeowners in the community must pay the shortfall caused by the delinquency.

In order to facilitate the peaceful and harmonious coexistence of its homeowners, all residents of the Association are also required to adhere to certain rules, regulations and obligations, which are described in the Governing Documents. The Association is empowered, through its Governing Documents and the New Jersey Condominium Act, N.J.S.A. §46:8B-15(f) to require unit owners to pay monthly maintenance assessments, special assessments, late fees, fines and attorneys' fees associated with collections.

Despite demand, the Debtor has failed to make common expense payments to the

2

Association as required by the terms of the By-Laws and Master Deed. Pursuant to 11 U.S.C.A. §362(d) the Court shall grant relief from the automatic stay for cause. Here, the Debtor has failed to remit required post-petition payments to the Association. Section 523(a)(16) provides that an individual debtor is not discharged for "a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership." Debtor holds title to a unit that has condominium ownership. Therefore, the Debtor is obligated to pay the Association these post-petition accruals. The Debtor has not paid these post-petition accruals and therefore has violated the Bankruptcy Code.

It is highly prejudicial for the Debtor to own a unit in the Association without paying the required, commonly monthly payments. It is highly prejudicial if the Debtor does not comply with the Governing Documents. The Debtor is abusing the Bankruptcy code at the Association's peril. Due to Debtor's non-payment of post-petition fees and assessments, the Association requests that the Court grant the Association's motion for relief from the automatic stay.

**II.    The Association is entitled to Stay Relief.**

The Association seeks relief from the automatic stay to pursue a foreclosure. Debtor's failure to pay post-petition accruals constitutes cause for stay relief. See, 11 U.S.C.A. § 362(d), 11 U.S.C.A. § 1301(d) and 11 U.S.C.A. § 105. Therefore, the Court should grant the Association stay relief so that it may pursue its foreclosure action despite this bankruptcy.

The continual accrual of post-petition sums without payment in full irreparably harms the Association and its members. As stated above, if a homeowner does not pay, either the Association does not have the funds necessary to maintain the common property or the other

3

homeowners in the community must pay the shortfall caused by the delinquency. Dismissal of this case will not provide an adequate remedy or protection to the Association. Dismissal will effectively provide the Debtor with the opportunity to file another bankruptcy and obtain a new "order for relief" allowing Debtors to circumvent Bankruptcy Code Section 523(a)(16). Such action is not appropriate. It irreparably harms the Association and denies the Association adequate protection. Therefore, the Association requests that the Court grant the Association stay relief.

## CONCLUSION

Due to Debtor's failure to pay post-petition fee accruals, the Association requests that this Court grant the Association relief from the automatic stay to pursue foreclosure of real property in the Association.

McGOVERN LEGAL SERVICES, LLC,
Attorneys for Movant

Dated: 5/16/19

By: ___/s/Marlena Diaz-Cobo___
MARLENA S. DIAZ-COBO, ESQ.
An Attorney of the Firm

4

McGOVERN LEGAL SERVICES, LLC
BY: MARLENA S. DIAZ-COBO, ESQUIRE
850 CAROLIER LANE
NORTH BRUNSWICK, NEW JERSEY 08902
(732) 246-1221
ATTORNEYS FOR SIXTY ACRE RESERVE CONDOMINIUM ASSOCIATION, INC.

|  |  |
|---|---|
| In re:<br><br>ANDREA LEE MERCER<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>IN PROCEEDINGS UNDER CHAPTER 13<br>OF THE BANKRUPTCY CODE<br><br>CASE NO.: 18-30940-CMG<br><br>**CREDITOR'S CERTIFICATION OF DEFAULT** |

I, Jim Hanley, of full age, certify and say:

1. I am the Property Manager for Creditor, Sixty Acre Reserve Condominium Association, Inc. (the "Association"), and, as such, I have knowledge of the amount due the Association from the Debtor. I am authorized to make this Certification and do so based upon my personal knowledge and review of the books and records of the Association.

2. Andrea Lee Mercer (the "Debtor") owns real property in the Association commonly known as 710 Bluebell Drive, Jackson, New Jersey 08527 (the "Unit").

3. The Debtor has not paid all post-petition monthly assessments, special assessments, late fees, fines or attorneys' fees related to this default since filing bankruptcy. Attached hereto is a true and accurate copy of the Debtor's post-petition account history through April 11, 2019.

The post-petition sum being sought in this application is detailed below:

| | |
|---|---|
| Maintenance Fees (11/2018 -4/2019 : | $1,284.00 |
| Late Fees (3/15/2019 – 4/2019): | $15.00 |
| Legal (only work related to post-petition Default 4/1/2019 -4/16/2019) | $1,702.17 |
| Credits | -$ -0- |
| **Total:** | **$1,816.50** |

4. This certification is being made in an effort to vacate the stay.

5. I certify the above facts to be true. I am aware that if the above facts are willfully false, I am subject to punishment.

Dated: 5-10-19

_____
Jim Hanley, Property Manager

DATE: 4/11/19 TIME: 9:44 AM                    **60 Acre Reserve Condo Association**                    Page: 1

FINANCIAL TRANSACTIONS - 04/11/19

710 Bluebell Drive
Andrea Mercer
Unit ID: 050710
PREPAID BAL:    0.00

| Date | Type | Code | Description | Amount | Balance |
|---|---|---|---|---|---|
| 022519 | EXPENSE ADJ | A1  e | Maintenance Fee | 852.00 | 852.00 |
| 022519 | H/O Filed Ch 13 10/22/18 Add Nov, Dec 2018 @ 210.0 | | | | |
| 022519 | and Jan,Feb 19 @ 216.00 to Post-Petition-ml | | | | |
| 030119 | APPLY CHARGES | A1 | Maintenance Fee | 216.00 | 1068.00 |
| 031519 | APPLY LATE FEE | 01 | Late Fees | 15.00 | 1083.00 |
| 040119 | APPLY CHARGES | A1 | Maintenance Fee | 216.00 | 1299.00 |

McGovern Legal Services LLC work in progress            517.50            1,816.50

```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

McGovern Legal Services, LLC
Marlena S. Diaz-Cobo, Esq.
850 Carolier Lane
North Brunswick, NJ 08902
Phone (732) 246-1221
Attorneys for Sixty Acre Reserve Condominium
Association, Inc.
```

In Re:

ANDREA LEE MERCER

Case No.: 18-30940-cmg

Chapter: 13

Adv. No.: 

Hearing Date: June 5, 2019

Judge: CMG

## CERTIFICATION OF SERVICE

1. I, __Janet Rosenblum__ :

   ☐ represent the _____ in the above-captioned matter.

   ☑ am the secretary/paralegal for _Creditor, Condo Ass'n_, who represents the _____ in the above captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On __5/17/19__, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

   Motion for Stay Relief

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: __5/17/19__

Signature: _[signed]_

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| ANDREA LEE MERCER<br>710 Bluebell Drive<br>Jackson, New Jersey 08527 | Debtor | ☐ Hand-delivered<br>☑ Regular mail<br>☑ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| William H. Oliver, Esq.<br>2240 Highway 33<br>Suite 112<br>Neptune, New Jersey 07753 | Debtor's Attorney | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 1401<br>Newark, NJ 07102 | US Trustee | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

McGovern Legal Services, LLC
Marlena S. Diaz-Cobo, Esq. (MM-4524)
850 Carolier Lane
North Brunswick, NJ 08902
Phone (732) 246-1221
Attorneys for Sixty Acre Reserve Condominium
Association, Inc.

In Re:

ANDREA LEE MERCER

Case No.: 18-30940

Hearing Date: May 15, 2019

Judge: CMG

Chapter: 13

Recommended Local Form:    ☐ Followed    ☑ Modified

## ORDER VACATING STAY

The relief set forth on the following page is hereby **ORDERED**.

Upon the motion of ____Sixty Acre Reserve Condominium Association, Inc.____, under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☑ Real property more fully described as:

710 Bluebell Drive
Jackson, New Jersey 08527

☑ ~~Personal property more fully described as:~~

The Association may suspend membership rights and privileges

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.

*Rev. 7/1/04; jml*

2